ALEXANDER B. TRUEBLOOD (Cal. Bar No. 150897)
TRUEBLOOD LAW FIRM
10940 Wilshire Boulevard, Suite 1600
Los Angeles, California 90024
Telephone: (310) 443-4139
Facsimile: (310) 943-2255

L. PAUL MANKIN (Cal. Bar No. 264038)
LAW OFFICE OF L. PAUL MANKIN
4655 Cass Street, Suite 410
San Diego, California 92109
Telephone: (800) 219-3577
Facsimile: (323) 207-3885

Attorneys for Plaintiff
ESTHER MORALES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTHER MORALES,<br><br>  Plaintiff,<br><br> vs.<br><br>FORD MOTOR CREDIT COMPANY LLC, and JOSEPH ROY KING dba AAMES ASSOCIATES,<br><br>  Defendants. | Case No: 2:19-CV-10327<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT** |

COMPLAINT

Plaintiff Esther Morales hereby complains against defendants Ford Motor Credit Company LLC ("FMCC"), and Joseph Roy King dba Aames Associates ("King"), and alleges as follows:

**OPERATIVE FACTS**

1. Plaintiff purchased a 2016 Ford Mustang automobile primarily for personal, family, or household use, from a California car dealership. Plaintiff entered into a conditional sale contract with the dealership, who took a security interest in the vehicle, and assigned the contract to defendant FMCC.

2. Plaintiff fell behind on her obligations under the conditional sales contract, and FMCC hired defendant King to repossess plaintiff's vehicle. King's California repossession license had been revoked effective December 2, 2018 by order of the Department of Consumer Affairs. By hiring King, FMCC violated the Collateral Recovery Act, and committed a crime under Bus. & Prof. Code §§ 7502.1 and 7502.2.

3. Despite not having any repossession license, King repossessed plaintiff's vehicle, in violation of the Collateral Recovery Act, at Bus. & Prof. Code § 7502. King's unlicensed repossession was also a crime under Bus. & Prof. Code § 7502.1.

4. King arrived at plaintiff's home and encountered plaintiff's secured and fenced yard, with a closed and locked gate. In violation of the Collateral Recovery Act, Bus. & Prof. Code § 7508.2(d), which prohibits entry into a secured area to repossess a vehicle, King dismantled and disabled the locking mechanism on the gate, opened it, and repossessed the vehicle without plaintiff's permission, thereby committing the crimes of trespass, and grand theft. King's conduct in this regard also constituted a breach of the peace in violation of Commercial Code § 9609(b), and a crime under the Collateral Recovery Act.

5. King damaged the vehicle during the repossession, which constituted another breach of the peace in violation of Commercial Code § 9609(b).

6. After the repossession, in violation of the Collateral Recovery Act, Bus. & Prof. Code §§ 7507.9 and 7507.10, King failed to notify plaintiff in writing of the seizure of the vehicle within 48 hours, and failed to mail her a written inventory of any personal items which had been seized.

## JURISDICTION AND VENUE

7. The court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d). The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in the Central District of California because a substantial part of the events or omissions giving rise to the claim occurred in this district, and defendant King resides in this district.

## PARTIES

9. Plaintiff Esther Morales is a natural person over the age of 18 years and is a resident and citizen of the state of California.

10. Defendant Ford Motor Credit Company LLC is a Delaware limited liability company, headquartered in Dearborn, Michigan.

11. Plaintiff Joseph Roy King is a natural person over the age of 18 years and is a resident and citizen of the state of California.

12. Each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment. The defendants are jointly and severally liable to plaintiff.

# FIRST CAUSE OF ACTION
**(Against Defendant King for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.)**.

13. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

14. Plaintiff is a "consumer" who allegedly owed a "debt," and defendant King is a "debt collector," as those terms are defined at 15 U.S.C. § 1692a. Defendant King uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

15. Defendant King violated 15 U.S.C. § 1692f(6) by taking nonjudicial action to effect dispossession or disablement of property when (1) there was no present right to possession of the property claimed as collateral through an enforceable security interest; and/or (2) the property was exempt by law from such dispossession or disablement.

16. Plaintiff is entitled to any actual damages sustained by her as a result of defendant's conduct, in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

17. Plaintiff is entitled to $1,000 in statutory damages against each defendant pursuant to 15 U.S.C. § 1692k. Defendant committed his violations willfully and knowingly, and has frequently and persistently failed to comply with the FDCPA. The nature of defendant's violations justifies the maximum statutory damages award available.

18. Plaintiff is entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

19. Plaintiff seeks treble damages and reasonable attorneys fees and costs, pursuant to Code of Civil Procedure § 1029.8.

WHEREFORE, plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
**(Against All Defendants for Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788 et seq.)**

20. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

21. The California Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Cal. Civ. Code § 1788.1(a)(2). It thus enacted the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. (the "Rosenthal Act"), to ensure the integrity of our banking and credit industry. Id. § 1788.1(b).

22. Plaintiff is a "debtor" within the meaning of Civil Code § 1788.2(h) in that she is a natural person from whom defendants sought to collect a "consumer debt" alleged to be due and owing by reason of a consumer credit transaction. "Debt" is defined under the Rosenthal Act to mean "money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person." Civil Code § 1788.2(d).

23. The defendants at all times relevant herein were "debt collectors" within the meaning of Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and practices in connection with the collection of money or property which is due or alleged be due or owing by reason of a consumer credit transaction.

24. Defendants violated Civil Code § 1788.10(a) by using criminal means to cause harm to the property of plaintiff. The crimes committed include: (1) violating Bus. & Prof. Code § 7502.1(a), by violating Bus. & Prof. Code §§ 7502, 7508.2(d), 7502.1, and 7507.9 and 7501.10; (2) violating Bus. & Prof. Code 7502.2; and (3) violating Penal Code §§ 484, 487, 602(k), and 602(n).

25. Defendants violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or attempt to

collect an alleged debt.

26. As a proximate result of defendants' violations of the Rosenthal Act, plaintiff has been damaged in amounts which are subject to proof. Plaintiff is entitled to recover actual damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

27. Defendants' violations of the Rosenthal Act were willful and knowing. Plaintiff is entitled to recover statutory damages of $1,000 per defendant pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), and Civil Code § 1788.30(b).

28. Plaintiff is entitled to recover attorneys fees and costs pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

29. Plaintiff seeks treble damages and reasonable attorneys fees and costs, pursuant to Code of Civil Procedure § 1029.8.

WHEREFORE, plaintiff prays for relief as set forth below.

### THIRD CAUSE OF ACTION
**(Against All Defendants for Conversion)**

30. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

31. Plaintiff was entitled to immediate possession of her vehicle when it was repossessed by defendants.

32. Defendants wrongfully deprived plaintiff of possession of her vehicle. Defendants had no right to repossess at all, due to King's lack of a license, and no right to repossess in breach of the peace.

33. Plaintiff has suffered and is entitled to recover damages for defendants' conversion.

34. Defendants acted with malice, oppression, and/or fraud towards

plaintiff, thereby entitling her to an award of punitive damages. Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees who acted towards plaintiff with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct or knowingly accepted and retained the benefits of the wrongdoing.

35. Plaintiff seeks treble damages and reasonable attorneys fees and costs, pursuant to Code of Civil Procedure § 1029.8.

WHEREFORE, plaintiff prays for relief as set forth below.

## FOURTH CAUSE OF ACTION
**(Against Defendant King for Violations of the Collateral Recovery Act)**

36. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

37. When committing the acts alleged herein, King was acting as a "repossession agency" within the meaning of Bus. & Prof. Code § 7500.2, in that he engaged in business and/or accepted employment to locate or recover collateral, for consideration.

38. King did not have a repossession license when he accepted employment to repossess plaintiff's vehicle, nor when he actually repossessed the vehicle. He therefore violated Business & Professions Code § 7502, which prohibits acting as a repossession agency without a license.

39. Bus. & Prof. Code § 7502.6(a) permits any person to seek an injunction to stop unlicensed repossession activity and provides for civil fines against the unlicensed actor. Plaintiff is informed and believes that King continues to accept employment as a repossession agency, after revocation of his license, and will continue to do so unless stopped by this Court.

40. Plaintiff seeks a civil fine of $10,000, and injunctive relief to prevent

King from conducting further unlicensed repossessions, pursuant to Bus. & Prof. Code § 7502.6(a).

41.   Plaintiff seeks her reasonable attorneys fees and costs, pursuant to Code of Civil Procedure § 1029.8.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages;
2. For restitution;
3. For statutory damages and civil fines;
4. For punitive damages;
5. For injunctive relief;
6. For pre-judgment interest to the extent permitted by law;
7. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and
8. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury under the United States and California constitutions.

Dated:  December 5, 2019                     Respectfully Submitted,
                                             TRUEBLOOD LAW FIRM


                                             By:   /s/ *Alexander B. Trueblood*
                                                   Alexander B. Trueblood

                                             Attorneys for Plaintiff
                                             ESTHER MORALES