1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| ESTHER MORALES, | Case No.  2:19−cv−10327−AB−GJS |
| Plaintiff(s), | STANDING ORDER |
| v. | |
| FORD MOTOR CREDIT COMPANY, LLC, et al., | |
| Defendant(s). | |

17
18
19

**READ THIS ORDER CAREFULLY. IT CONTROLS THIS CASE**

**AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

This action has been assigned to Judge André Birotte Jr.  Judge Birotte conducts all proceedings in Courtroom 7B of the First Street Courthouse, 350 West First Street, Los Angeles, CA 90012.

The responsibility for the progress of litigation in the federal courts falls upon the attorneys in the action and upon the Court. "To secure the just, speedy, and inexpensive determination of every action," Fed. R. Civ. P. 1, all counsel, including pro se litigants[1], are hereby ordered to familiarize themselves with the Federal Rules

_____

[1] Parties appearing pro se must comply with the Federal Rules of Civil Procedure and the Local Rules. *See* Local Rules 1-3 and 83-2.2.3.

of Civil Procedure, particularly Fed. R. Civ. P. 16 and 26, the Local Rules of the Central District of California ("Local Rules") and this Court's Order Re: Jury/Court Trial.[2]  The parties may also wish to familiarize themselves with the following:

• The Central District of California's website: http://www.cacd.uscourts.gov

• Judge Birotte's webpage: http://www.cacd.uscourts.gov/honorable-andre-birotte-jr

### UNLESS THE COURT ORDERS OTHERWISE,
### THE FOLLOWING RULES APPLY.

**1.    Service of the Complaint.**  The Plaintiff(s) shall promptly serve the Complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to Fed R. Civ. P. 4(l). Any Defendant(s), including "DOE" or fictitiously-named Defendant(s), not served within 90 days after the case is filed shall be dismissed pursuant to Fed. R. Civ. P. 4(m).

**2.    Removed Actions.**  Any Answers filed in state court must be refiled in this Court as a supplement to the Notice of Removal. Any pending motions must be re-noticed in accordance with Local Rule 7. If an action removed to this Court contains a form pleading, *i.e.*, a pleading in which boxes are checked, the party or parties that filed the form pleading must file in this Court within thirty (30) days of receipt of the Notice of Removal a revised pleading that complies with Fed. R. Civ. P. 7, 7.1, 8, 9, 10 and 11.

**3.    Presence of Counsel.**  In an effort to provide more experience to the next generation of practitioners, the Court encourages lead counsel to permit junior counsel to fully participate in Court proceedings, including to argue motions and to examine witnesses at trial. The Court is more likely to hear oral argument if any party files a notice at least 7 days before a scheduled hearing stating that junior counsel will conduct the argument, or at least the lion's share. The Court requires lead counsel to appear for scheduling conferences and the Final Pretrial Conference.

_____

[2] The Local Rules are available on the Court's website.

**4.** **Calendar Conflicts.** If any counsel discovers a calendar conflict with a scheduled appearance, counsel must inform opposing counsel and the Courtroom Deputy Clerk ("CRD") by telephone (213) 894-2833 as soon as possible and not later than three days before the scheduled appearance. Counsel should attempt to agree on a new date to accommodate the calendar conflict. Counsel must propose a new date by Stipulation and Proposed Order.

**5.** **Discovery.** All discovery matters are referred to the assigned United States Magistrate Judge assigned to this case. The Magistrate Judge's initials follow the Judge's initials next to the case number. All documents relating to discovery matters must include the words "DISCOVERY MATTER" in the caption to ensure proper routing. Please do not deliver mandatory chambers copies of these papers to the District Court Judge.

Counsel must follow the Magistrate Judge's procedures for scheduling matters for hearing. These procedures are stated on each Magistrate Judge's webpage.

The Magistrate Judge's decision shall be final, subject to modification by the District Court Judge only where the Magistrate Judge's order is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A). Any motion for review of a Magistrate Judge's decision must be noticed before the District Court Judge within fourteen (14) days of service of the Magistrate Judge's written ruling, or within fourteen (14) days of an oral ruling that the Magistrate Judge states will not be followed by a written ruling. The motion must specify which portions of the ruling are clearly erroneous or contrary to law, and the claim must be supported by points and authorities. Counsel shall provide the Magistrate Judge chambers copies of the moving papers and responses.

**6.** **Motions - General Requirements**

**a.** **Time for Filing and Hearing Motions:** Motions must be filed in accordance with Local Rules 6 and 7. Judge Birotte hears civil motions on Fridays beginning at 10:00 a.m. The Friday after any Monday holiday is closed to hearings.

Closed motion dates are shown on Judge Birotte's webpage. The parties must adhere to the briefing schedule set forth in Local Rule 7-9 and 7-10, and the schedule herein for Rule 56 motions, so that Chambers has sufficient time to prepare. If a motion is noticed for a date that is not available, the Court may strike or reset the motion. Professional courtesy dictates that the parties should accommodate each other's schedules, including vacation and holiday schedules, whenever possible.

   **b.**   **Local Rule 7-3 Pre-Filing Meet and Confer Requirement:** The Court strictly enforces Local Rule 7-3, which requires counsel to engage in a pre-filing conference "to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution." This Court also requires the parties to meet and confer about ***any*** potentially disputed matter (except those identified in Local Rules 7-3 and 16-12) before presenting it to the Court, including requests to continue any matter, applications to file under seal, and other filings seeking a court order. The purpose of meeting and conferring is to attempt to obviate the need for a motion and thus avoid unnecessary Court intervention, or to narrow the scope of issues the Court must resolve; the parties **must** meet and confer in a good faith attempt to fulfil this purpose. Pro se litigants must also comply. The Notice of Motion or other request **must** include a statement of compliance with Local Rule 7-3. The Court may strike or outright deny a motion or other relief if counsel fails to meet and confer in good faith.

   **c.**   **Length and Format of Motion Papers:** Memoranda of points and authorities in support of or in opposition to motions shall not exceed 25 pages. Replies shall not exceed 15 pages. Only rarely and for good cause shown will the Court grant an application to extend these page limitations. Pursuant to Local Rule 11-3.1.1, either a proportionally spaced or monospaced face may be used. Typeface shall comply with Local Rule 11-3.1.1. Times New Roman font must be no less than 14 point; Courier font must be no less than 12 point. Footnotes shall be in the

1    same font and the same size as the body of the memorandum.

2        **d.    Citations to Cases:**  Citations to cases must be in Bluebook format.

3    Citations to cases must include pinpoint citations (citations to page numbers).

4    For unreported cases, the Court prefers Westlaw citations.

5        **e.    Citations to Other Sources:**  Statutes should be cited in accordance

6    with the Bluebook. Statutory references should identify with specificity the sections

7    and subsections referenced (e.g., "Jurisdiction over this cause of action is based on

8    47 U.S.C. § 33, which grants the district courts jurisdiction over all violations of the

9    Submarine Cable Act."). Statutory citations that do not specifically indicate the

10   appropriate section and subsection (e.g., "Plaintiffs allege that Defendant's conduct

11   violates the Federal Electronic Communication Privacy Act, 18 U.S.C. § 2511,

12   *et seq.*") should be avoided. Citations to treatises, manuals, and other materials

13   should include the volume, section, and pages being referenced.

14       **f.    Oral Argument:**  Pursuant to Fed. R. Civ. P. 78 and Local Rule

15   7-15, the Court may deem a matter appropriate for decision without oral argument.

16   If the Court does so, it will notify the parties in advance.

17       **7.    Specific Motion Requirements**

18        **a.    Motions Pursuant to Rule 12:**  Motions to dismiss or to strike can

19   often be avoided if the parties meet and confer in good faith as required by Local

20   Rule 7-3, especially for perceived defects in a complaint, answer, or counterclaim

21   that could be corrected by amendment. *See Chang v. Chen*, 80 F.3d 1293, 1296 (9th

22   Cir. 1996) (where a motion to dismiss is granted, a district court should provide

23   leave to amend unless it is clear that the complaint could not be saved by any

24   amendment). Moreover, a party may "amend its pleading once as a matter of

25   course" within twenty-one (21) days of serving it, or "if the pleading is one to

26   which a responsive pleading is required, 21 days after service of a responsive

27   pleading or 21 days after service of a motion under Rule 12(b), (e), or (f),

28   whichever is earlier." Fed. R. Civ. P. 15(a)(1). Even if the time for amending a

complaint as a matter of course has run, or if a complaint has already been amended, "[t]he court should freely give leave when justice so requires." The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

These principles require that plaintiff's counsel evaluate defendant's contentions as to the deficiencies in the complaint to determine if an amendment would cure the defects. The moving party in turn should agree to any amendment that would cure the defect.

**b.**     **Motions to Amend:**  In addition to the requirements of Local Rule 15-1, all motions to amend pleadings shall: (1) state the effect of the amendment; (2) be serially numbered to differentiate the amendment from previous amendments; and (3) state the page and line number(s) and wording of any proposed change or addition of material. The party shall deliver to Chambers a "redlined" version of the Proposed amended pleading indicating all additions and deletions of material.

**c.**     **Summary Judgment Motions:**  No party may file more than one motion pursuant to Fed. R. Civ. P. 56, regardless of whether such motion is denominated a motion for summary judgment or summary adjudication, without leave of Court. If a party believes this is one of the rare instances in which there is good cause for more than one summary judgment motion or to increase page limits, the party shall seek leave by a noticed motion setting forth good cause. Pursuant to Fed. R. Civ. P. 56(f), if appropriate based on undisputed facts and controlling principles of law, the Court may sua sponte enter summary judgment in favor of the non-moving party.

Also, the Court will not entertain cross-motions, meaning motions that ask the Court to adjudicate the same legal issues. If parties wish to cross-move for summary judgment, their counsel shall meet and confer to determine which party will be the moving party and which will be the opposing party on summary judgment.

\\\

1  Parties need not wait until the motion cutoff to bring motions for summary

2  judgment or partial summary judgment. **This Court requires an extended**

3  **briefing schedule for motions under Rule 56, as follows:**

4         • **Any Rule 56 Motion:** must be **filed at least 5 weeks before the**

5           **noticed hearing date.**

6         • **Opposition:** must be **filed 3 weeks before hearing date** (2 weeks

7           after the Motion is filed).

8         • **Reply:** must be **filed 2 weeks before hearing date** (1 week after the

9           opposition is filed).

10  The above briefing schedule is the default. The parties may stipulate to a

11  lengthier schedule that is reasonable for all parties. Any briefing schedule must

12  provide at least two weeks between the reply deadline and the hearing date.

13  Because summary judgment motions are fact and evidence intensive, parties

14  should prepare papers in a fashion that will assist the court in absorbing the mass of

15  material (e.g., generous use of tabs, tables of contents, headings, indices, etc.). The

16  parties must comply precisely with Local Rule 56-1 and 56-2. The Court will deem

17  facts admitted in accordance with Local Rule 56-3.

18         i.   **Statement of Undisputed Facts and Statement of Genuine**

19           **Issues**

20  The separate statement of undisputed facts shall be in a two-column table, as

21  shown below. The left column sets forth narrowly-focused, undisputed facts as

22  concisely as possible in sequentially numbered paragraphs. The right column sets

23  forth the evidence that supports the factual statement. Where feasible, parties

24  should use headers to group facts relevant to a particular issue.

25  \\\

26  \\\

27  \\\

28  \\\

**Plaintiff's Claim for Breach of Contract is Barred by the Statute of Limitations.**

| Undisputed Fact | Evidence |
|---|---|
| 1.  Mike and Jane signed a contract for the sale and purchase of property. | Smith Decl. (Dkt. No. 61-2) ¶ 5, Ex. 6. |
| 2.  Jane mailed the contract in May 2017. | Smith Decl. ¶ 8, Ex. 21. |

The opposing party's statement of genuine issues must also be in a two-column table and exactly track the movant's separate statement. The left column must restate the allegedly undisputed fact and its supporting evidence. The right column must (i) state that the fact is undisputed or disputed, (ii) briefly state why the opposing party disputes the fact, (iii) cite with specificity the evidence that refutes the fact, and (iv) explain how the cited evidence refutes the fact.

**Plaintiff's Claim for Breach of Contract is Barred by the Statute of Limitations.**

| Undisputed Fact and Evidence | Disputed / Undisputed and Evidence |
|---|---|
| 1.  Mike and Jane signed a contract for the sale and purchase of property. Smith Decl. (Dkt. No. 61-2) ¶ 5, Ex. 6. | Disputed. Jane testified that the contract was for a lease, not a purchase. Jane Depo (Smith Decl. Ex. 4) at 29:4-16. |
| 2.  Jane mailed the contract in August 2017. Smith Decl. ¶ 8, Ex. 21 | Disputed as to date. Jane testified she mailed the contract in May 2017. Jane Depo. at 3:4-10. |

Do not include legal argument in this document. The opposing party may dispute all or only a portion of the statement, but if disputing only a portion, it must clearly indicate what part is being disputed. The Court will not wade through a document to determine whether a fact really is in dispute.

\\\

\\\

1  The opposing party may submit additional material facts that bear on the
2  issues raised by the movant. The additional facts shall follow the format of the
3  moving party's separate statement and shall continue in sequentially numbered
4  paragraphs.

5         **ii.** **Supporting Evidence**

6    No party shall submit evidence other than the specific items of evidence or
7  testimony necessary to support or controvert a proposed statement of undisputed
8  fact. For example, entire deposition transcripts, entire sets of interrogatory
9  responses, and documents that do not specifically support or controvert material
10  in the separate statement shall not be filed. The court will not consider such
11  material.

12    Evidence must be submitted either by stipulation or as exhibits to declarations
13  sufficient to authenticate the proffered evidence, and must not be attached to the
14  memorandum. The Court will accept counsel's authentication of deposition
15  transcripts, written discovery responses, and documents received in discovery if
16  the fact that the document was in the opponent's possession is of independent
17  significance. Documentary evidence for which there is no stipulation regarding
18  authenticity must be accompanied by testimony, either by declaration or deposition
19  transcript, of a witness who can establish authenticity.

20         **iii.** **Objections to Evidence**

21    If a party disputes a fact based on an evidentiary objection, the *ground* of
22  the objection should be stated in the separate statement but not *argued* in that
23  document. Do not submit blanket or boilerplate objections to an opponent's
24  separate statement. Boilerplate objections will be disregarded.

25    **8.** **Electronic Filing Requirements**

26      **a.** **Applicable Rules:** Pursuant to Fed. R. Civ. P. 5(d)(3), Local Rule
27  5-4, and General Order 10-07, counsel shall electronically file ("e-file") all filings.
28  \\\

1    **b.**    __Method of Filing:__  Items that do not require the Court's signature

2    shall be e-filed in pdf format. Proposed orders shall be e-filed in pdf format as an

3    attachment to the main documents.

4    **c.**    __Emailing Proposed Orders to Chambers:__  All proposed orders

5    must be emailed to chambers at AB_chambers@cacd.uscourts.gov in Microsoft

6    Word format. A pdf is not acceptable. If the proposed order is based on a

7    stipulation or an ex parte application, counsel must email both the order and the

8    stipulation or ex parte application. Otherwise, accompanying documents (such as

9    motions) should *not* be emailed to Chambers.

10    **Proposed orders must be on pleading paper and should not contain**

11    **attorney names, addresses, etc., on the caption page, should not contain a**

12    **footer with the document name or other information, and should not contain**

13    **a watermark designation of the firm name, etc., in the margin.**

14    **9.**    __Proposed Protective Orders and Filings Under Seal.__  Proposed

15    protective orders pertaining to discovery must be submitted to the assigned

16    Magistrate Judge. Protective orders must not purport to allow any matters to

17    be filed under seal in connection with dispositive motions (including a class

18    certification motion) or trial without further Court order. The existence of a

19    protective order does not alone authorize the filing of pleadings or other

20    documents under seal, in whole or in part.

21    **10.**    __Filings Under Seal.__  Local Rule 79-5 governs applications to file

22    under seal. Local Rule 79-5.2.2 explains how to apply to file under seal and how

23    to proceed if leave is granted. Parties must comply with all sections of Local Rule

24    79-5.

25    There is a strong presumption of access in civil cases. *Foltz v. State Farm Mut.*

26    *Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). For each document or other

27    type of information a party seeks to file under seal, the party must identify and

28    discuss the factual and/or legal justification that establishes "good cause" or

1   "compelling reasons" for the matter should be protected. *Kamakana v. City and*

2   *County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).

3       Documents that are not confidential or privileged in their entirety should not

4   be filed under seal if the confidential portions can be redacted and filed separately

5   with a reasonable amount of effort. The parties should file a complete version of

6   the documents under seal, and a redacted version for public viewing, omitting only

7   the portions that the Court has ordered may be filed under seal.

8       Sealing must be justified for *each individual item*; blanket claims of

9   confidentiality will result in the application to seal being denied. Counsel is

10  strongly encouraged to consider carefully whether sealing or redaction is required

11  for a given piece of evidence or argument. <u>An application to seal that includes</u>

12  <u>clearly meritless requests to seal or redact documents may be denied in its entirety</u>.

13  The parties must also meet and confer before filing an application to seal.

14      **11.    Proposed Orders.**  A party filing a motion or seeking the determination

15  of any matter shall file a Proposed Order setting forth the relief or action sought

16  and a brief statement of the rationale for the decision with appropriate citations.

17      **12.    Mandatory Chambers Copies:**  The parties must provide one (1)

18  chambers copy of the following documents: (i) initial pleadings (complaints,

19  counterclaims, cross-claims); (ii) Joint Rule 16(b)/26(f) Reports with Schedule of

20  Pretrial and Trial Dates Worksheet; (iii) motion papers (motions, oppositions,

21  replies, non-oppositions, and any document relating to such); (iv) trial documents

22  (joint statement of the case, proposed voir dire, jury instructions, verdict form,

23  joint exhibit list, joint witness list, and any disputes relating to such); (v) ex parte

24  applications for a temporary restraining order; and (vi) presentation materials for

25  patent cases.

26      Chambers copies must be delivered to Judge Birotte's chambers copy box

27  outside of the Clerk's Office on the fourth floor of the courthouse no later than

28  12:00 p.m. (noon) the following business day, except TRO applications, which

must be delivered the same day they are filed.

"Mandatory chambers copies must be printed from CM/ECF, and **must include**: (1) **the CM/ECF-generated header** (consisting of the case number, document control number, date of filing, page number, etc.) at the top of each page; and (2) **the NEF** [notice of electronic filing] (see L.R. 5-3.2.1) as the last page of the document." Local Rule 5-4.5 (emphasis added). Chambers copies need not be blue-backed. For security reasons, do not leave chambers copies in envelopes or folders.

**13.    Telephonic Hearings.**  The Court strongly prefers counsel to appear in person for motion hearings and pretrial and settlement conferences. The Court seldom permits telephonic appearances. If exceptional circumstances exist, counsel may file an application to appear telephonically detailing such circumstance.

**14.    Ex Parte Applications.**  The Court considers ex parte applications on the papers and does not usually set these matters for hearing. If a hearing is necessary, the parties will be notified. Ex parte applications are solely for extraordinary relief and should be used with discretion. Sanctions may be imposed for misuse of ex parte applications. *See Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995).

Any party filing an ex parte application must comply with Local Rule 7-19. The moving party must also serve the opposing party by email, fax, or personal service, and notify that party that opposing papers must be filed no later than 24 hours (one court day) following such service. If that party does not intend to oppose an ex parte application, he or she must inform the CRD by telephone at (213) 894-2833.

**15.    Injunctions and Restraining Oders.**  Parties seeking preliminary or emergency injunctive relief must comply with Fed. R. Civ. P. 65 and Local Rule 65. Applications for a Temporary Restraining Order ("TRO") are also governed by Local Rule 7-19, which applies to ex parte applications. Thus, oppositions to

Applications for a TRO must be filed within 24 hours following service of the Application. The Court will not rule on any Application for a TRO for at least twenty-four hours after the party subject to the requested order has been served, unless notice is excused as per Fed. R. Civ. P. 65(b), or unless the interests of justice so require. The parties must provide chambers copies of TRO-related documents on the same day they are filed.

**16.    Continuances.**  While cases should proceed to a timely resolution, it is sometimes necessary to change established dates. Also, professional courtesy dictates that parties work cooperatively to resolve calendar conflicts and especially to avoid motion work simply to adjust dates. **Parties must therefore attempt to stipulate regarding date changes.** However, a stipulation to continue any matter must be supported by good cause, including a declaration explaining the grounds for the request. Any Stipulation must also include a Proposed Order. Stipulations do not become effective unless and until this Court so orders.

**17.    Communications with Chambers.**  Counsel *must not* attempt to contact the Court or Chambers staff by email, telephone, or by any other ex parte means. Counsel *may*, for appropriate matters only, contact the CRD by telephone (213)-894-2833. Counsel must not contact the CRD regarding the status of any matter before the Court.

**18.    Order Setting Scheduling Conference.**  Pursuant to Fed. R. Civ. P. 16(b) and 26(f), the Court will issue an Order setting a Scheduling Conference. The parties must strictly comply with Fed. R. Civ. P. 16 and 26, and Local Rule 26. The parties must propose a trial date that is within 18 months of the filing of the complaint.

**19.    Settlement Conference / Alternative Dispute Resolution (ADR).**  As stated in Local Rule 16-15, the parties in every case must participate in a Settlement Conference or Alternative Dispute Resolution ("ADR") procedure. **The Court will not hold a final pretrial conference or convene any trial unless**

1  **and until all parties, including the principals of all corporate parties, have**

2  **completed ADR.**

3      This Court participates in the Court-Directed ADR Program whereby the Court

4  refers the parties to the magistrate judge, the Court Mediation Panel, or to private

5  mediation. *See* General Order 11-10, § 5.1. If a Notice to Parties of Court-Directed

6  ADR Program (ADR-08) has been filed in this case, counsel must furnish and

7  discuss it with their clients in preparation for the Fed. R. Civ. P. 26(f) conference.

8  In their Joint Rule 26(f) Report, counsel should indicate their preferred ADR

9  procedure. The Court will refer the case to a procedure at the initial scheduling

10  conference. More information about the Court's ADR Program, the Mediation

11  Panel, and mediator profiles is available on the Court's website.

12      **20.   Standing Orders and Templates Available on the Court's Webpage.**

13      The Court's Standing Order, Order Re: Jury/Court Trial, and templates for the

14  Proposed Final Pretrial Conference Order and certain trial filings are available on

15  Judge Birotte's webpage. If the Court has provided a template for any filing, the

16  parties must follow it.

17      **21.   Notice of this Order.**  Counsel for plaintiff (or plaintiff, if appearing

18  pro se) shall immediately serve this Order on all parties, including any new parties

19  to the action. If this case came to the Court by a Notice of Removal, the removing

20  defendant(s) shall serve this Order on all other parties.

21      IT IS SO ORDERED.

22

23  Dated: January 15, 2020      _____

24                  HONORABLE ANDRÉ BIROTTE JR.

25                  UNITED STATES DISTRICT COURT JUDGE

26

27

28